**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2120
_____

DEBORAH GLOVER,
                                        Appellant

v.

MERRICK BANK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:24-cv-07085)
District Judge:  Honorable Madeline Cox Arleo


_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2026
_____

Before:  CHAGARES, Chief Judge, RESTREPO and MONTGOMERY-REEVES,
Circuit Judges

(Opinion Filed: June 22, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

After Plaintiff Deborah Glover accrued an overdue unpaid balance on her credit card, the credit card issuer, Merrick Bank ("Merrick"), wrote off her account as a loss. Glover later filed suit against Merrick, alleging that Merrick violated the Fair Credit Reporting Act by accessing her credit report without a permissible purpose. Merrick moved to compel arbitration of Glover's claims based on an arbitration provision in the Cardholder Agreement governing Glover's credit card account. The District Court granted Merrick's motion to compel arbitration. For the following reasons, we will affirm.

I.[1]

Glover applied to Merrick for a credit card on February 7, 2014. Merrick approved her application, issued a credit card to Glover, and sent her the Cardholder Agreement[2] governing her credit card account. By using her credit card, Glover agreed to be bound by the Cardholder Agreement's terms.

The Cardholder Agreement contains an arbitration provision. The arbitration clause provides that "[a]ny claim, dispute or controversy . . . arising from or relating in any way to the Agreement or your Account . . . shall be resolved by Binding Arbitration." Appendix ("App.") 79, 82. This arbitration requirement encompasses "all controversies

---

[1] We write primarily for the parties, so we recite only the facts essential to our decision.
[2] Merrick mailed Glover both the 2013 and 2014 versions of the Cardholder Agreement. The 2014 Cardholder Agreement amended certain terms, none of which are relevant here. We will refer to both versions of the agreement collectively as "the Cardholder Agreement."

and claims of any kind between [Merrick and the cardholder]," except for issues pertaining to the "validity, scope or enforceability" of the arbitration agreement. App. 79, 82. The provision lists examples of covered claims, including "[a]ny disputes regarding information obtained by [Merrick] from, or reported by [Merrick] to, credit bureaus or others." App. 79, 82. The arbitration clause also contains a class-action waiver in bolded, all-caps font.

Glover accumulated an unpaid balance of $1,350.87 over the next two years. Merrick wrote off Glover's account as a loss — or "charged off" her account — on January 31, 2016. Merrick later assigned Glover's debt to N.A.R., Inc. ("N.A.R."), a debt collector.

More than eight years later, Glover filed a class action lawsuit against Merrick in the Superior Court of New Jersey, alleging violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681–1681x. Glover alleged that Merrick violated the FCRA by accessing her credit report on June 3, 2022 "without consent or any lawful reason." App. 16. According to Glover, no "*in personam* credit relationship between [Glover] and [Merrick]" existed when Merrick accessed her credit report. App. 18. Merrick removed the action to federal court. Merrick then filed a motion to compel arbitration and dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).

The District Court granted Merrick's motion to compel arbitration. The District Court concluded that arbitrability was apparent on the face of the Complaint. The court therefore applied the Federal Rule of Civil Procedure 12(b)(6) standard and denied

3

Glover's request to conduct limited discovery with respect to arbitrability. The District Court also held that Glover's FCRA claims fell within the scope of the Cardholder Agreement's arbitration provision. Accordingly, the District Court dismissed Glover's class-action-based claims and compelled arbitration of Glover's individual, non-class claims. Glover timely appealed.

II.[3]

Glover challenges the District Court's order granting Merrick's motion to compel arbitration. We review de novo the grant of a motion to compel arbitration. Singh v. Uber Techs., Inc., 939 F.3d 210, 217 (3d Cir. 2019). Because Glover's FCRA claims fall within the scope of the Cardholder Agreement's arbitration provision, we will affirm the District Court's order.

A.

Glover first contends that the District Court erred by depriving her of limited discovery because it wrongly applied a Rule 12(b)(6) standard rather than a Rule 56 standard. This Court's opinion in Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764 (3d Cir. 2013), outlines "two distinct paths for district courts to follow" in deciding a motion to compel arbitration. Young v. Experian Info. Sols., Inc., 119 F.4th 314, 319 (3d Cir. 2024) (citing Guidotti, 716 F.3d at 772–76). The Rule 12(b)(6) standard — which looks only to the factual allegations in the pleadings and does not permit discovery — applies "when it is apparent, based on the face of a complaint, and

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

documents relied upon in the complaint, that . . . a party's claims are subject to an enforceable arbitration clause." Guidotti, 716 F.3d at 776 (quotation marks omitted). If, however, "a complaint does not set forth clearly that the claims are subject to an arbitration agreement," or a plaintiff "rebuts the motion to compel 'with reliable evidence that is more than a naked assertion,'" then the Rule 56 standard applies. Young, 119 F.4th at 319 (quoting Guidotti, 716 F.3d at 774).

The Rule 56 standard governs here. Even if, as Merrick contends, Glover's FCRA claims stem from the termination of the parties' relationship, arbitrability is not apparent on the face of the Complaint. The Complaint does not reference the Cardholder Agreement or attach the Agreement as an exhibit. Nor does the Complaint base Glover's claims on the existence of the Cardholder Agreement's arbitration provision. See Young, 119 F.4th at 319 (noting, for the same reasons as here, that the District Court correctly applied the Rule 56 standard).

While we disagree with the District Court about the applicable legal standard,[4] the District Court nevertheless concluded correctly that Glover was not entitled to discovery with respect to arbitrability. Glover relies on this Court's opinion in Guidotti to contend that the District Court was "required" to permit limited discovery because the Complaint created a genuine dispute of material fact as to arbitrability. Glover Br. 12. This Court has clarified, however, that "[Guidotti's] call for limited discovery into arbitrability is

---

[4] The District Court stated that it applied the Rule 12(b)(6) standard. But, in effect, the District Court applied the Rule 56 standard by considering facts and evidence outside of the Complaint.

5

best understood as being itself limited." Young, 119 F.4th at 319. Accordingly, "discovery addressing a motion to compel arbitration is unnecessary when no factual dispute exists as to the existence or scope of the arbitration agreement." Id. at 320. Glover has not disputed the existence of the Cardholder Agreement's arbitration provision, so discovery was not required.

B.

Glover next contends that the District Court erred by concluding that her FCRA claims fall within the scope of the arbitration provision. State law typically governs the scope of an arbitration clause. See In re Remicade (Direct Purchaser) Antitrust Litig., 938 F.3d 515, 522–23 (3d Cir. 2019). The Cardholder Agreement contains a Utah choice of law provision, so Utah law controls here. When parties dispute the scope of an arbitration clause, Utah courts look first to the clause's language. HITORQ, LLC v. TCC Veterinary Servs., Inc., 502 P.3d 281, 286 (Utah 2021). "If the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." Cent. Fla. Invs., Inc. v. Parkwest Assocs., 40 P.3d 599, 605 (Utah 2002). If, however, the language of the arbitration clause is ambiguous, Utah courts apply a presumption in favor of arbitration. HITORQ, 502 P.3d at 286; see Cent. Fla. Invs., 40 P.3d at 606 ("It is the policy of the law in Utah to interpret contracts in favor of arbitration." (citation omitted)).

The District Court correctly concluded that Glover's FCRA claims fall within the broad scope of the Cardholder Agreement's arbitration provision. The arbitration clause

encompasses "[a]ny claim, dispute or controversy . . . arising from or relating in any way to the Agreement or your Account," including "all controversies and claims of any kind between [Glover and Merrick]." App. 79, 82. The provision also lists examples of covered claims, such as "[a]ny disputes regarding information obtained by [Merrick] from, or reported by [Merrick] to, credit bureaus or others." App. 79, 82.

The language of the arbitration clause unambiguously covers Glover's FCRA claims. The Complaint alleges that Merrick violated the FCRA by accessing her credit report "without consent or any lawful reason." App. 16. Glover's FCRA claims thus plainly constitute a "dispute[] regarding information obtained by [Merrick] from . . . [a] credit bureau[]." App. 79, 82. The broad phrase "arising from or relating in any way to the Agreement or your Account" also encompasses Glover's claims. App. 79, 82 (emphasis added). Under Utah law, a dispute is related to a contract if it has "some logical or causal connection to the agreement." Willow Creek Assocs. of Grantsville LLC v. Hy Barr Inc., 501 P.3d 1179, 1186 (Utah Ct. App. 2021) (quoting In re Remicade, 938 F.3d at 524). Glover alleges that Merrick accessed her credit report "[d]espite the absence of any *in personam* credit relationship between [them]." App. 18. The Complaint therefore depends on the status of the relationship between Glover and Merrick. The Cardholder Agreement — including the arbitration provision — governs that relationship. Glover's claims are thus related to the Cardholder Agreement. Because Glover's FCRA claims fall within the scope of the arbitration provision, we will affirm

the District Court's order granting Merrick's motion to compel arbitration.[5]

III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] On appeal, Glover challenges the District Court's order on two additional grounds. She concedes, however, that she did not raise either issue before the District Court. Glover has not demonstrated that her failure to preserve these grounds involves exceptional circumstances, so she has forfeited these arguments and we will not reach them. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) ("Because of the important interests underlying the preservation doctrine, we will not reach a forfeited issue in civil cases absent truly 'exceptional circumstances.'" (quoting Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001)).